**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DEL WEBB COMMUNITIES, INC., a Nevada corporation, and PN II, INC. dba PULTE HOMES OF NEVADA, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY INSURANCE CORPORATION, an Illinois corporation; COLONY INSURANCE COMPANY, a Virginia corporation; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation; WESTFIELD INSURANCE COMPANY, an Ohio corporation; HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; CENTURY SURETY COMPANY, an Ohio corporation; JAMES RIVER INSURANCE COMPANY, an Ohio corporation; and VALLEY FORGE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | 2:21-cv-00359-RFB-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Enlarge Time for Service of Complaint. (ECF No. 21).

Plaintiff seeks an extension of 30 days under FED. R. CIV. P. 4(m) to confirm and effectuate service upon Defendant Employers Mutual Casualty Company (ECF No. 21).

**A.     Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

No opposition has been filed from appearing defendants and the time to oppose has passed. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**B.     Discussion**

Plaintiff's complaint was filed on March 2, 2021. (ECF No. 1). The deadline to effectuate service of process was May 31, 2021. *Id*; Fed. R. Civ. P. 4(m). Plaintiff states that it has waited as long as possible to serve defendants because Pulte was attempting to settle this case with all of the Defendants without moving forward with litigation. (ECF No. 21)

The time to effectuate service upon the Defendant Employers Mutual Casualty Company was May 31, 2021, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

Here, the court finds that good cause warrants extending the service of process deadline.

Accordingly, and for good cause shown,

1       IT IS ORDERED that Plaintiff's Motion to Enlarge Time for Service of Complaint. (ECF No. 21)

2 is GRANTED. Plaintiff must perfect service of process for Defendant Employers Mutual Casualty

3 Company on or before July 26, 2021.

4       DATED this 24th day of June, 2021.

*[signature]*

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE